UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ALTON PARKER STONE**, #320138

        Petitioner,

**v.**                                                          2:05CV182

**GENE M. JOHNSON**, Director of the
**Virginia Department of Corrections**,

        Respondent.

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia.

### **I. STATEMENT OF THE CASE**

#### **A. Background**

Petitioner is serving a four year sentence for grand larceny and probation violations at the Haynesville Correctional Center in Jarratt, Virginia. (Pet. for Hab. Corpus Br. at 3.) Petitioner asserts that he suffers from a potentially terminal medical condition and believes that a liver transplant will increase his chances of survival. Petitioner seeks release from custody in order to obtain additional medical treatment. On January 20, 2005, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, but on March 4, 2005, the court denied the petition.

On March 18, 2005, petitioner filed a petition for writ of habeas corpus in federal court, and on May 16, 2005, respondent filed a

motion to dismiss/motion for summary judgment and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Is petitioner being denied medical care in violation of his Fourteenth Amendment rights?

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Motion for Summary Judgment Standard

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party can show

by affidavits, depositions, admissions, answers to interrogatories, the pleadings, or other evidence, that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56(c). Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The moving party is not entitled to summary judgment if there is a genuine issue of material fact in dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of fact exists if "a reasonable jury could return a verdict for a nonmoving party." Id. In other words, summary judgment appropriately lies only if there can be but one reasonable conclusion as to the verdict. See id.

Finally, as the Fourth Circuit explained,

> [w]e must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion. Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party has failed to make a sufficient showing on an essential element of the case that the non-moving party has the burden to prove.

Tuck v. Henkel Corp., 973 F.2d 371, 374 (4th Cir. 1992)(citations omitted).

### C.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### D.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Petitioner filed raised his claim in the Supreme Court of Virginia, therefore, the claim is exhausted.

### D. Petitioner's Claim is Outside the Jurisdictional Scope of the Habeas Corpus Statute

Generally, § 1983, actions are the proper vehicle to attack the constitutionality of prison conditions and procedures. <u>Carson v. Johnson</u> 112 F.3d 818, 820-21 (5th Cir. 1997). However, because petitioner seeks actual release from physical custody, a petition for a writ of habeas corpus is the only avenue available to him. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973). Thus, the only issue before the Court is whether a writ of habeas corpus can lie in petitioner's favor for the purpose of effecting his release from confinement.

Prisoners are entitled to reasonable medical care. <u>Russell v. Sheffer</u>, 528 F.2d 318 (4th Cir. 1975)(citing <u>Blanks v. Cunningham</u>, 490 F.2d 220 (4th Cir. 1969)). However, because questions of medical judgment are not subject to judicial review, allegations of mistreatment or nontreatment must reach a constitutional dimension in order to present a colorable claim. <u>Hirons v. Director</u>, 351 F.2d 613 (4th Cir. 1965); <u>see also</u> <u>Shields v. Kunkel</u>, 442 F.3d 409 (9th Cir. 1971). Even if petitioner's allegations of faulty medical care demonstrated a constitutional violation, petitioner would still not be entitled to release from custody. Rather, the appropriate remedy would be to enjoin any unconstitutional practices. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973). The habeas corpus statute simply does not confer upon this Court the jurisdiction to modify a sentence because of petitioner's medical circumstances. 28 U.S.C. § 2254. <u>See also</u> <u>Morales v. United States</u>, 353 F.Supp. 2d 204, 205 (D. Mass. 2005). Therefore, petitioner's claim should be DISMISSED.

## **III. RECOMMENDATION**

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss/motion for summary judgment be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

(1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                    **/s/**
                                        **James E. Bradberry**
                                        **United States Magistrate Judge**

**Norfolk, Virginia**

   **August 24**   , **2005**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

Alton Parker Stone, III, #320138, <u>pro</u> <u>se</u>
Haynesville Correctional Center
P.O. Box 129
Haynesville, VA 22472


Mark R. Davis, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA 23219

Elizabeth H. Paret, Clerk


By _____
      Deputy Clerk

_____, 2005